UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| :MANSA-EL: BEY,<br>　　　　Plaintiff,<br>　　v.<br>NANCY E. O'MALLEY, et al.,<br>　　　　Defendants. | Case No. 19-cv-05197-LB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Pro se plaintiff :Mansa-El: Bey[1] brings this complaint against defendants Nancy O'Malley, Sabrina Farrell, Teddy Chu, and Chad Finke, claiming that they denied him due process; denied him the right to personal property; engaged in treason, mixed domestic war, malfeasance of office, and slavery; refused to communicate with him in good faith; refused to disclose lawful authority; destroyed the right to life, liberty, and property; and engaged in fraud, extortion, grand theft, robbery, and attempted kidnapping.[2] Mr. Bey does not plead any facts that support any of his claims.

---

[1] Mr. Bey uses this punctuation. *See* Compl. – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5.

ORDER – No. 19-cv-05197-LB

The court previously granted Mr. Bey's motion to proceed in forma pauperis.[3] Before directing the United States Marshal to serve the defendants with Mr. Bey's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). Having done so, the court finds that the complaint fails to state a claim. The court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B) but extends Mr. Bey an opportunity to file an amended complaint if he can cure the complaint's deficiencies.

**STATEMENT**

Mr. Bey alleges that:

> COUNT 1: On or about November 30, 2018, Chad Finke[,] Clerk of the Superior Court of California Conuty [sic] of Alameda[,] accepted and honored a false document by the Erin Loback[,] Deputy District Attorney Alameda County a felony; Title 18 USC 1001) of an undocumented, unproven liability, shown to be false by the Complainant Affiant Mansa-El: Bey© [sic], to take property without due process of law to give it to the County of Alameda. Criminal Conspiracy, Sec. 186, Racketeering, Title 18, Sec 241, 1961, 1962.
>
> COUNT 2: In accepting and honoring false documentation, Respondent(s), specifically and willingly conspired with the County of Alameda to steal the property of Mansa-El: Bey©, (expansion but separate count of count 1) denying Mansa-El: Bey© the rights of due process of law for any action against him. The rights denied, violated or trespassed are enumerated below. Each action — denial, violation or trespass, is a separate high crime or misdemeanor, brought together in this count as violations against the constitution. The penalty is defined under Title 18 USC Sections 3571 individually listed for subtotal tally as to the civil damages sustained by such criminal actions.[4]

The complaint provides no further details about this document or this interaction. The complaint makes no allegations against the other three defendants (Ms. O'Malley, Ms. Farrell, or Mr. Chu).

---

[3] Order – ECF No. 4.

[4] Compl. – ECF No. 1 at 12.

## ANALYSIS

### 1. Governing Law

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

(9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. Application

Mr. Bey fails to state a claim. The only allegation that Mr. Bey makes against any of the defendants is that Mr. Fink, Clerk of the California Superior Court in Alameda County, accepted and honored a document from a Deputy District Attorney (who is not named as a defendant in this case). Mr. Bey's claims against Mr. Fink fail for multiple reasons. First, such claims are barred by the Eleventh Amendment. *Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2013) ("Plaintiff cannot state a claim against the [California] Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). Second, such claims are barred by quasi-judicial immunity. *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (absolute quasi-judicial immunity applies to court clerks for court functions). Third, Mr. Bey does not state a cognizable claim against Mr. Fink in any event. Contrary to Mr. Bey's assertions, an allegation that Mr. Fink accepted and honored a document from a Deputy District Attorney, without more, does not plead a conspiracy or any other of the claims Mr. Bey brings.

Mr. Bey makes no factual allegations against the other three defendants and thus fails to state a claim against them as well.

## CONCLUSION

The court dismisses the complaint with leave to amend. Mr. Bey may file an amended complaint within fourteen days of the date of this order (i.e., by September 12, 2019). He may also dismiss his case voluntarily by filing a one-page notice of voluntary dismissal, which will operate

as a dismissal without prejudice. If Mr. Bey does not timely file an amended complaint or voluntarily dismiss his case, the undersigned will direct the clerk of court to reassign this case to a district judge and recommend that the newly assigned district judge dismiss the complaint with prejudice and close this case.

**IT IS SO ORDERED.**

Dated: August 29, 2019

_____
LAUREL BEELER
United States Magistrate Judge