UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSA-EL BEY, et al., Plaintiffs, v. NANCY E. O'MALLEY, et al., Defendants. | Case No. 19-cv-05197-EMC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING AMENDED COMPLAINT**<br><br>Docket Nos. 10, 12 |

Plaintiff Mansa-El: Bey©[1] initiated this lawsuit against four individuals in August 2019. The case was initially assigned to Magistrate Judge Beeler. Judge Beeler granted Mr. Bey's motion for leave to proceed in forma pauperis but dismissed his complaint pursuant to 28 U.S.C. § 1915(e). *See* Docket No. 9 (order). Judge Beeler identified multiple deficiencies with the complaint – *e.g.*, Mr. Bey had failed to specify any conduct on the part of three defendants and, as to the remaining defendant, he had at the very least immunity from suit (Eleventh Amendment and quasi-judicial). Nevertheless, she still gave Mr. Bey leave to file an amended complaint by September 12, 2019. After Mr. Bey failed to file an amended complaint, Judge Beeler issued a report and recommendation ("R&R"), in which she recommended that Mr. Bey's complaint be dismissed for the reasons stated in her prior order. *See* Docket No. 10 (order).

The report and recommendation ("R&R") is currently pending before the Court. Mr. Bey did not file an objection to the R&R. He did, however, file an amended complaint.

Although Mr. Bey did not provide an explanation as to why he did not comply with Judge Beeler's order that the amended complaint be filed by September 12, 2019, the Court shall, in the

---

[1] In his papers, Mr. Bey has used the above punctuation and symbol in his name.

interest of justice, still consider it. Like the original complaint, the amended complaint must be screened pursuant to § 1915(e).

In the amended complaint, Mr. Bey claims to be suing on his own behalf and on the behalf of others (including but not limited to companies). He now names as defendants twenty individuals (some government employees), four government entities or agencies, and five private companies. He asserts thirteen causes of action, without identifying which causes of action apply against which defendants.

There are multiple deficiencies with the amended complaint. They include the following.

1. Mr. Bey is not an attorney and therefore cannot bring claims on anyone's behalf except his own. *See* Civ. L.R. 3-9.

2. For the vast majority of defendants, Mr. Bey fails to specify any action taken by them that resulted in injury to him. Judge Beeler pointed out this deficiency in Mr. Bey's original complaint, *see* Docket No. 9 (Order at 2) (regarding original complaint, noting that allegations were made only with respect to Chad Finke; "[t]he complaint makes no allegations against the other three defendants"), but the problem continues to plague the amended complaint.

3. As noted above, Mr. Bey has failed to identify which causes of action apply to which defendants.

4. A number of the causes of action are not viable because the statutes do not give rise to a private cause of action. For example:

- Violation of 18 U.S.C. § 1951 (Count 1). *See Walthour v. Herron*, No. 10-01495, 2010 U.S. Dist. LEXIS 44221, at *6 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue.").

- Violation of 31 U.S.C. § 3302 (Counts and 13). *See Burns v. United States*, No. 98-5117, 2000 U.S. App. LEXIS 2068, at *2 (Fed. Cir. Jan. 12, 2000) (agreeing with the Court below that, *inter alia*, § 3302 does "'not create a private right of

2

action for payment of monies or, by implication, for the return of her monies'").

- Violation of 18 U.S.C. § 1503 (Count 10). *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (stating that "18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action"), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).
- Violation of 18 U.S.C. § 1001 (Count 12). *See Pondexter v. Sec'y United States HUD*, No. 19-1576, 2019 U.S. App. LEXIS 27943, at *4 (3d Cir. Sep. 17, 2019) (noting that plaintiff "raised claims of criminal collusion, conspiracy, and making false statements under 18 U.S.C. § 1001" but "[t]hose claims fail because [he] lacks a private right of action").

5. Other causes of action are clearly inapplicable. For example:
- Violation of 10 U.S.C. § 897 (Count 2). The statute provides: "Any person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall be punished *as a court-martial may direct*." 10 U.S.C. § 897 (emphasis added).
- Violation of the Sherman Act, 15 U.S.C. §§ 1-2 (Counts 6 and 7). The statutes concern antitrust violations.
- Violation of 15 U.S.C. § 6611 (Count 11). The statute provides in relevant part that, with certain exceptions, "[a] party to a *Y2K action* making a tort claim, other than a claim of intentional tort arising independent of a contract, may not recover damages for economic loss." 15 U.S.C. § 6611(a) (emphasis added).

6. Other causes of action are problematic because the legal basis for the cause of action is not clear. For example:
- Invalid use of legal authority (Count 4).
- Grand corruption (Count 8).[2]

---

[2] The only potentially viable causes of action are conversion (Count 3) and deceit (Count 9) but, as noted above, it is not clear which defendants are being sued for those claims and on what basis. Moreover, depending on what acts are being challenged, defendants may be able to invoke immunities. *Cf.* Docket No. 9 (Order at 4) (regarding original complaint, noting that Mr. Finke

3

Finally, the Court notes that Mr. Bey's amended complaint implicates state court criminal proceedings, *see, e.g.*, FAC at 8-9 (alluding to false information used to support a probable cause declaration, filing of false or retaliatory charges, and a coerced plea agreement), and appears to seek not only damages but also injunctive relief that would likely impact state court decisions already issued. *See, e.g.*, FAC ¶¶ 4-6 (asking for a dismissal with prejudice of two superior court criminal matters[3] as well as a return of personal property). Accordingly, there are a number of doctrines that bar his suit, including *Younger*,[4] *Rooker-Feldman*,[5] and *Heck v. Humphrey*, 512

---

was protected by Eleventh Amendment and quasi-judicial immunities). Finally, as discussed below, even in the absence of immunities, there may be other doctrines that bar Mr. Bey's suit given that it seems related to criminal proceedings against him in state court.

[3] The Court takes judicial notice of the fact that Mr. Bey recently removed one of the criminal matters to this District. Judge Gilliam, however, remanded the case. *See People of State of Cal. v. Bey*, No. 19-xr-90806 (N.D. Cal.).

[4]
> *Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism. *Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings. Specifically, *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (internal quotation marks omitted).

[5] "[T]he *Rooker-Feldman* doctrine . . . , in general terms, prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2007).

> Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments. Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment. The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .

*Id.* at 613 (internal quotation marks omitted).

4

U.S. 477 (1994).[6]

For the foregoing reasons, the Court dismisses Mr. Bey's amended complaint in its entirety. Because Mr. Bey has been given a clear opportunity to state claims sufficient under law, but has failed to do so, the dismissal is without leave to amend. Judgment shall be issued and the case closed.

**IT IS SO ORDERED**.

Dated: October 8, 2019

_____
EDWARD M. CHEN
United States District Judge

---

[6] *Heck* "provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit." *Webb v. City & Cty. of S.F.*, No. C 11-00476 CRB, 2011 U.S. Dist. LEXIS 142574, at *17 (N.D. Cal. Dec. 12, 2011); *see also id.* at *25-26 (adding that *Heck* can apply even when a plaintiff is no longer in custody).